**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MAIGA HRALIMA, Petitioner,

vs.

JIM BENEDETTI, *et al.*, Respondents.

3:08-cv-0214-ECR-RAM

ORDER

This action proceeds on a petition for a writ of habeas corpus by petitioner Maiga Hralima, a Nevada prisoner. Before the Court is respondents' motion to dismiss (docket #28).

## I. Procedural History

Petitioner was charged in the Second Judicial District Court for Washoe County on July 17, 2002, with attempted murder (count I) and battery with a deadly weapon (count II). Exhibit 8.[1] Petitioner entered into a guilty plea agreement to attempted murder with the use of a deadly weapon. Exhibit 38. On May 27, 2003, the state district court canvassed petitioner with respect to the plea, and accepted the guilty plea. Exhibit 39. The state district court sentenced petition to 192 months imprisonment with parole eligibility in 43 months, with an equal and consecutive sentence

[1] The exhibits cited in this order are those filed by respondents in support of their motion to dismiss, and are located in the record at docket #29-35.

for the use of a deadly weapon. Exhibit 50. A judgment of conviction was entered on July 16, 2003. Exhibit 49.

Petitioner appealed, arguing that the trial judge imposed an excessive sentence. Exhibits 51 and 63. The Nevada Supreme Court rejected petitioner's argument and affirmed the judgment of conviction. Exhibit 64. Remittitur issued on February 24, 2004. Exhibit 66. Petitioner filed a habeas corpus petition with the Nevada Supreme Court on January 24, 2006. Exhibit 71. The Nevada Supreme Court denied the petition on February 14, 2006, stating that the petitioner should challenge the validity of his judgment of conviction through a post-conviction petition for writ of habeas corpus filed in the state district court. Exhibit 74.

On February 28, 2006, petitioner filed a petition for writ of certiorari and/or petition for writ of mandamus with the Nevada Supreme Court. Exhibit 78. On March 28, 2006, the Nevada Supreme Court denied the petition, stating that intervention by way of extraordinary relief was not warranted. Exhibit 83. Petitioner also filed a habeas corpus petition with the state district court on March 7, 2006, and an amendment to that petition. Exhibits 80 and 82. The state district court dismissed the petition and amendment as untimely on July 12, 2006. Exhibit 91. At some point during those proceedings, petitioner attempted to remove the case to this Court, however, this Court found removal was improper and remanded the case back to the state district court. Exhibit 93.

Petitioner appealed the district court's dismissal of his state habeas corpus petition, and the Nevada Supreme Court affirmed the lower court's dismissal of the petition. Exhibits 95 and 108. Remittitur issued on March 2, 2007. Exhibit 112. Petitioner then filed a motion to vacate illegal sentence in the state district court on September 4, 2007. Exhibit 125. On September 6, 2007, the First Judicial District Court transferred a petition for writ of habeas corpus filed by petitioner to the Second Juridical District Court. Exhibits 126, 129 and 130. Petitioner filed a petition for writ of prohibition in the Nevada Supreme Court to prevent the lower court from transferring his action. Exhibit 128. The Nevada Supreme Court denied the petition. Exhibit 136. The state district court then denied the transferred petition for writ of habeas corpus. Exhibit 139.

The court also denied the motion to vacate illegal sentence. Exhibit 140.

Petitioner appealed both orders of denial. Exhibits 142 and 143. The Nevada Supreme Court consolidated the cases, and affirmed the lower court's denial of petition and the motion to vacate illegal sentence. Exhibit 158. Remittitur issued on May 13, 2008. Exhibit 160.

Petitioner initiated the instant action on April 22, 2008 (docket #1). Petitioner submitted an amended petition for writ of habeas corpus on June 11, 2008 (docket #10). Respondents have moved to dismiss the petition, arguing that the petition is untimely filed, that it contains claims that are procedurally defaulted or that are not cognizable in a federal habeas corpus action (docket #28). Petitioner opposes the motion to dismiss (docket #37).

**II. Motion for Judgment on the Pleadings**

Petitioner has filed a motion for judgment on the pleadings (docket #39). Petitioner contends that respondents have failed to file and serve a reply to his response to the motion to dismiss within eleven days, as this Court required. Petitioner notes that the reply was filed three days late. Petitioner then argues respondents' failure to file a response should be deemed a default admitting to every allegation in the petition for writ of habeas corpus. The Court disagrees.

Respondents' reply was due on March 11, 2009, and the reply was filed in this court on that same day (docket #38). Even if respondents had failed to file a reply to petitioner's response to the motion to dismiss, petitioner would not be entitled to a default or judgment on the pleadings. Respondents have filed a response to the petition, as they filed a motion to dismiss the petition on procedural grounds, and petitioner filed a response. Respondents are not required to file a reply, but are given leave to file a reply if they choose to. The Court will deny the motion for judgment on the pleadings.

**III. Discussion**

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions pursuant to section 2254. With respect to the statute of limitations,

the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right assert was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the federal predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The AEDPA limitations period is tolled while a "properly filed application" for post conviction or other collateral relief is pending before a state court. 28 U.S.C. § 2244(d)(2). The United States Supreme Court has stated that to be properly filed, a petitioner must comply with a state's time limits for filing an application for post conviction or other collateral relief. *Pace v. DiGuglielmo*, 544 U.S. 408, 414-17 (2005) (holding "time limits, no matter their form, are 'filing' conditions" and noting if a state court rejects a petitioner's habeas petition as untimely then the petition is not "properly filed" under the statute and statutory tolling is not proper).

**A. Application to the Instant Case**

In the present case, petitioner was convicted on July 16, 2003. Exhibit 49. Petitioner appealed, and the Nevada Supreme Court affirmed the judgment of conviction on January

27, 2004. Exhibit 64. The one-year time limitation under the AEDPA did not begin to run until April 26, 2004, or ninety days after the time for seeking certiorari with the United States Supreme Court expired. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001).

Petitioner had one year from April 26, 2004, to file his federal habeas corpus petition, unless the time was otherwise tolled by a properly filed application for post-conviction relief. Petitioner did not file any application for post-conviction relief or other collateral review in the state court between April 26, 2004 and April 26, 2005. In fact, petitioner did not file any post-conviction petitions until 2006. Petitioner filed a habeas corpus petition with the Nevada Supreme Court on January 24, 2006, a petition for writ of certiorari or mandamus with the Nevada Supreme Court on February 28, 2006, a habeas corpus petition with the state district court on March 7, 2006, a motion to vacate illegal sentence in the state district court on September 4, 2007, and another habeas corpus petition in the state district court on September 6, 2007. These petitions did not toll the limitations period for filing a federal habeas corpus petition, as they were all filed after the one-year limitations period had already expired. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner is not entitled to tolling where the time limitation under the AEDPA has already run).

The instant action was initiated on April 22, 2008. The federal petition was filed almost three years late, as the limitations period expired on April 26, 2005. The petition is therefore untimely, and must be dismissed unless the petitioner can show that he is entitled to equitable tolling of the limitations period.

**B. Equitable Tolling**

The AEDPA one-year limitations period is subject to equitable tolling. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available "if extraordinary circumstances beyond a prisoner's control make it

impossible to file a petition on time." *Beeler*, 128 F.3d at 1288. Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner has not advanced any meaningful argument relating to why his petition should not be dismissed as untimely filed. Petitioner argues that the respondents have not refuted his claims on the merits. However, respondents do not have to refute petitioner's ground on the merits at this time, as they filed a motion to dismiss the petition on procedural grounds. Motions to dismiss federal habeas corpus petitions on procedural grounds are authorized by the Rules Governing Section 2254. *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989). Therefore, the motion to dismiss is not improper.

Moreover, petitioner contends that his petition is timely filed as he submitted the petition after exhausting all of his state remedies. Petitioner also notes that there are no time limitations on when a prisoner can file a petition for writ of habeas corpus in the state court. However, petitioner fails to note that there is a one-year time limitation for filing a federal habeas corpus petition, and that he filed his petition outside of that time period. Petitioner has not demonstrated that he was incapable of preparing and filing a federal habeas corpus petition by April 26, 2005.

Equitable tolling of the statute of limitations is not warranted as petitioner has not demonstrated a diligent pursuit of his rights and extraordinary circumstances beyond his control. The federal habeas corpus petition was filed approximately three years beyond the statute of limitations without valid justification for the delay, and therefore will be dismissed pursuant to 28 U.S.C.§ 2244(d). The Court will not address respondents' arguments that some of the claims contained in the petition are procedurally barred or are not cognizable in this action, as the petition is untimely filed.

**IV. Certificate of Appealability**

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Where a court has dismissed a petitioner's habeas corpus petition on procedural grounds, however, the determination of whether a certificate of appealability issues becomes a two-part test. The Supreme Court has stated that under such circumstances:

> A COA should issue when the prisoner shows...that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003). Therefore, in order to obtain a COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional right *and* that jurists of reason would find it debatable whether the court's procedural ruling was correct. In cases where there is a plain procedural bar to a petitioner's claims and the district court is correct to invoke that procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

In the present case, petitioner's habeas petition is being dismissed because it was untimely filed. The Court did not reach the merits of any of petitioner's constitutional claims. Furthermore, petitioner failed to demonstrate that he is entitled to equitable tolling of the statute of limitations in this case. No reasonable jurist could conclude that this Court's procedural ruling was in error. Petitioner is not entitled to a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner's motion for judgment on the pleadings (docket #39) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (docket #28) is **GRANTED** and the petition is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

DATED this12th day of May, 2009.

Edward C. Reed.

UNITED STATES DISTRICT JUDGE